■ In the Matter of GEORGE HOUSER, Respondent, v WILLIAM B. FINNERAN, as Chairman of the New York State Commission on Cable Television, et al., Appellants. — Appeal from a judgment of the Supreme Court at Special Term (Kahn, J.), entered August 10, 1983 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the New York State Commission on Cable Television granting a certificate of confirmation for the award of a cable television franchise. The Board of Supervisors of the Town of Easton in Washington County entered into a franchise agreement with NewChannels Corporation whereby the latter was to supply the town with cable television service. NewChannels then applied to the New York State Commission on Cable Television for a certificate of confirmation of its franchise and an order granting confirmation was released on December 2, 1982. Petitioner, a Washington County resident concerned with, among other things, the effect that running an aboveground cable would have on the DeRidder Homestead, a property listed on the National Register of Historic Places and the New York State Register of Historic Places, commenced this CPLR article 78 proceeding, in which the relief sought is annulment of the commissioner's order and a direction that the commission review the environmental and historical impact of the franchise agreement. The petition charges that neither the town board nor the commission correctly applied regulations adopted by the Department of Environmental Conservation (6 NYCRR part 617) pursuant to the State Environmental Quality Review Act to determine whether an environmental impact statement (EIS) was required. Those regulations, which were designed to guide agencies in determining whether an EIS should be prepared, distinguish between, and classify certain actions as, type I and type II actions. Type I actions "are more likely to require the preparation of EIS's than those not so listed" (6 NYCRR 617.12 [a]). Type II actions "have been determined not to have a significant effect on the environment" (6 NYCRR 617.13 [a]). Agencies considering whether a proposed action may have a significant effect on the environment are obliged first to determine whether the intended activity is a type II action; if it is, no further action is required of the agency (6 NYCRR 617.5 [a]). If the proposed action is a type I or unlisted action, the agency must apply detailed criteria to ascertain whether an EIS is necessary (6 NYCRR 617.11). The commission found that confirmation of the franchise was a type II action, predetermined not to have a significant effect on the environment (6 NYCRR 617.13) and requiring no further action. In doing so, the commission made specific reference to 6 NYCRR 617.13 (d) (20), which declares extension of utility distribution facilities (a phrase deemed by it to apply to cable television systems) to serve new or altered single or two-family residential structures or to render service in approved subdivisions to be a type II action. Special Term found the commission's determination arbitrary and capricious, and we agree. "[A]ny action * * * occurring wholly or partially within, or contiguous to, any facility or site listed on the National Register of Historic Places, or any historic building * * * proposed * * * for consideration by the New York State Board on Historic Preservation" (6 NYCRR 617.12 [b] [9]) is specifically classified as a type I action. Since implementation of the cable television franchise agreement will, at the very least, involve installing new lines, albeit on already existing utility poles, near the historic DeRidder Homestead, confirmation of the franchise award clearly constituted a type I action. Moreover, the breadth of the powers conferred on NewChannels by the franchise agreement renders

untenable the commission's further argument that the proposed cable system qualifies as a type II action because 6 NYCRR 617.13 (d) (8) lists "construction or placement of minor structures accessory or appurtenant to existing facilities, including garages, carports, patios, home swimming pools, fences, barns or other buildings not changing land use or density" as a type II action. The franchise gives NewChannels "the non-exclusive right and privilege to erect, place in the town and to construct, maintain, and operate * * * towers, poles, lines, cables, necessary wiring and other apparatus". Inasmuch as the franchise is not restricted to "accessory" or "appurtenant" construction or to the extension of utilities to "single or two-family residential structures" or "approved subdivisions", we find little support for the commission's reliance on these sections of the regulations (6 NYCRR 617.13 [d] [8], [20]), for the franchise is obviously much broader in scope. We conclude, accordingly, that the commission acted arbitrarily and capriciously when it refused to classify its action as type I and to apply the criteria set out in the regulations to determine whether an EIS should issue (see *Matter of Save the Pine Bush v Planning Bd.,* 96 AD2d 986). Judgment affirmed, without costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.